IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | Crim. No. 13-00894 HG-01 |
| | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | |
| | ) | |
| JUSTIN RUPAN, | ) | |
| | ) | |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |

**ORDER DENYING DEFENDANT'S MOTION FOR REDUCTION OF TERM OF IMPRISONMENT PURSUANT TO 18 U.S.C. § 3582(c)(2) & U.S.S.G. AMEND. 782 (2014) (ECF No. 72)**

Defendant Justin Rupan, proceeding pro se, has filed a Motion seeking a sentence reduction pursuant to 18 U.S.C. § 3582(c)(2) and Amendment 782 to the United States Sentencing Guidelines.  Defendant is not eligible to receive a sentence reduction.

Defendant's MOTION FOR REDUCTION OF TERM OF IMPRISONMENT PURSUANT TO 18 U.S.C. § 3582(c)(2) & U.S.S.G. AMEND. 782 (2014) (ECF No. 72) is **DENIED.**

**PROCEDURAL HISTORY**

On October 2, 2013, the grand jury returned the Indictment charging Defendant Justin Rupan with four counts, as follows:

1

**Count 1** for knowingly and intentionally distributing fifty (50) grams or more of methamphetamine in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(A), and 18 U.S.C. § 2;

**Count 2** for knowingly and intentionally distributing five hundred (500) grams or more of a mixture and substance containing a detectable amount of methamphetamine in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(A), and 18 U.S.C. § 2;

**Count 3** for knowingly and willfully transmitting in interstate commerce a telephonic communication that contained a threat to kidnap a child in violation of 18 U.S.C. § 875(c); and,

**Count 4** for knowingly and willfully transmitting in interstate commerce a telephonic communication that contained a threat to injure a person in violation of 18 U.S.C. § 875(c).

(Indictment, ECF No. 24).

On February 27, 2014, Defendant pled guilty to Counts 1, 2, and 3 of the Indictment pursuant to a Plea Agreement. (ECF Nos. 55, 57, 59).

On December 15, 2014, the Government filed the GOVERNMENT'S MOTION FOR DOWNWARD DEPARTURE. (ECF No. 67).

On December 18, 2014, the Court held a sentencing hearing. (ECF No. 69). The Court granted the Government's Motion for Downward Departure. (Id.) The Court granted the Government's Motion to Dismiss Count 4 in the Indictment. (Id.)

Defendant was sentenced to 110 months imprisonment as to

each of Counts 1 and 2, and 60 months imprisonment as to Count 3, with all terms to run concurrently. (Judgment, ECF No. 70).

Defendant did not appeal his conviction or his sentence.

On May 20, 2016, Defendant, proceeding pro se, filed a MOTION FOR REDUCTION OF TERM OF IMPRISONMENT PURSUANT TO 18 U.S.C. § 3582(c)(2) & U.S.S.G. AMEND. 782 (2014). (ECF No. 72).

On May 25, 2016, the Court set a briefing schedule and elected to decide Defendant's Motion without a hearing pursuant to District of Hawaii Local Rule 7.2(d). (ECF No. 74).

On June 15, 2016, the Government filed the GOVERNMENT'S RESPONSE TO MOTION FOR REDUCTION OF TERM OF IMPRISONMENT PURSUANT TO 18 U.S.C. § 3582 AND U.S.S.G. AMENDMENT 782. (ECF No. 75).

## ANALYSIS

18 U.S.C. § 3582(c)(2) authorizes district courts, in some circumstances, to modify an imposed sentence in the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission. United States v. Ornelas, ___ F.3d ___, 2016 WL 3126272, *1 (9th Cir. June 3, 2016); United States v. Dunn, 728 F.3d 1151, 1155 (9th Cir. 2013).

The United States Supreme Court has interpreted 18 U.S.C. § 3582(c)(2) as establishing a two-step inquiry. Dillon v. United States, 560 U.S. 817, 826-27 (2010).

3

First, the Court must determine if a defendant is eligible for a sentence reduction based on a guideline that has been lowered by the Sentencing Commission after the date the defendant was sentenced.  28 U.S.C. §§ 994(o),(u).

Second, the Court must consider whether a reduction is warranted pursuant to the sentencing factors set forth in 18 U.S.C. § 3553(a).  U.S.S.G. § 1B1.10 Commentary, Application Note 1(B)(i)-(iii);  <u>Dillon</u>, 560 U.S. at 826-28.

Here, the Court does not reach the second step in the inquiry.  Defendant is not eligible for a sentence reduction pursuant to Amendment 782 to the United States Sentencing Guidelines.  Amendment 782 was in effect at the time of Defendant's sentencing on December 18, 2014, and it was applied to calculate Defendant's sentencing guidelines.

**I.   Amendment 782 to the United States Sentencing Guidelines Was Already Applied to Calculate Defendant's Sentencing Guidelines At His December 18, 2014 Sentencing**

Defendant requests a reduction in sentence pursuant to Amendment 782 to the United States Sentencing Guidelines. (Def.'s Motion at p. 1, ECF No. 72).

On November 1, 2014, Amendment 782 to the United States Sentencing Guidelines became effective.  Amendment 782 reduced by two levels some, but not all, of the base offense levels in the Drug Quantity Tables at U.S.S.G. §§ 2D1.1 and 2D1.11.

4

Amendment 782 to the United States Sentencing Guidelines was in effect at the time of Defendant's sentencing on December 18, 2014.  Amendment 782 was incorporated into the 2014 United States Sentencing Guidelines.

Defendant's Presentence Investigation Report indicates that the "2014 Guidelines Manual, incorporating all guideline amendments, was used to determine the defendant's offense level because use of those guidelines is more advantageous to the defendant." (Presentence Investigation Report at ¶ 30, p. 11, ECF No. 73).

Defendant's sentencing guidelines have not been altered. Amendment 782 was already applied to Defendant.  Defendant is ineligible for a reduction in sentence pursuant to 18 U.S.C. § 3582(c)(2).  U.S.S.G. § 1B1.10(a).

Defendant's Motion for Reduction of Term of Imprisonment Pursuant to 18 U.S.C. § 3582(c)(2) and Amendment 782 to the United States Sentencing Guidelines (ECF No. 72) is **DENIED**.

//
//
//
//
//
//
//

## <u>CONCLUSION</u>

DEFENDANT'S MOTION FOR REDUCTION OF TERM OF IMPRISONMENT PURSUANT TO 18 U.S.C. § 3582(c)(2) & U.S.S.G. AMEND. 782 (2014) (ECF No. 72) is **DENIED**.

IT IS SO ORDERED.

DATED:  Honolulu, Hawaii, June 22, 2016.



Helen Gillmor
United States District Judge

<u>United States v. Justin Rupan</u>, Crim. No. 13-00894 HG-01; **ORDER DENYING DEFENDANT'S MOTION FOR REDUCTION OF TERM OF IMPRISONMENT PURSUANT TO 18 U.S.C. § 3582(c)(2) & U.S.S.G. AMEND. 782 (2014) (ECF No. 72)**